# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN EDWIN CLAY, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 14-cv-02893-BAS-BLM <br><br> **ORDER:** <br><br> **(1) APPROVING AND ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY (ECF No. 36);** <br><br> **(2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 32); AND** <br><br> **(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 33)** |

Plaintiff Glenn Edwin Clay commenced this action under the Social Security Act, 42 U.S.C. § 405(g), challenging the Social Security Administration's denial of his application for Supplemental Security Income ("SSI") benefits.[1] The Court referred this matter to United States Magistrate Judge Barbara L. Major, who issued

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is therefore substituted as Defendant in this suit for former Acting Commissioner Carolyn W. Colvin. *See* Fed. R. Civ. P. 25(d); 20 C.F.R. § 422.210(d) (stating that where an action for judicial review of a final decision by the Commissioner is instituted "the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

a Report and Recommendation ("R&R") on April 25, 2017, recommending that this Court: (1) deny Plaintiff's motion for summary judgment, and (2) grant Defendant's cross-motion for summary judgment. The time for filing objections to the R&R expired on May 12, 2017. (R&R 31:5–7.) Both parties are represented by counsel, but to date, neither party has filed any objections.

I. ANALYSIS

The court reviews *de novo* those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). It may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This rule of law is well-established within the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting R&R in its entirety without review because neither party filed objections to the R&R despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In the social-security context, the district court's jurisdiction is limited to determining whether the Social Security Administration's denial of benefits is supported by substantial evidence in the administrative record. *See* 42 U.S.C. § 405(g). A district court may overturn a decision to deny benefits only if it is not supported by substantial evidence or if the decision is based on legal error. *See*

*Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallenes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. Determinations of credibility, resolution of conflicts in medical testimony, and all other ambiguities are to be resolved by the administrative law judge ("ALJ"). *See id.*; *Magallenes*, 881 F.2d at 750. The decision of the ALJ will be upheld if the evidence is "susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1040.

In this case, the deadline for filing objections was on May 12, 2017. However, no objections have been filed, and neither party has requested additional time to do so. Consequently, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121. Nonetheless, having conducted a *de novo* review of the R&R, the Court concludes that Judge Major's reasoning is sound and correct in recommending that this Court deny Plaintiff's motion for summary judgment and grant Defendant's cross-motion for summary judgment. Therefore, the Court approves and **ADOPTS IN ITS ENTIRETY** the R&R. *See* 28 U.S.C. § 636(b)(1).

## II. CONCLUSION & ORDER

In light of the foregoing, the Court approves and **ADOPTS IN ITS ENTIRETY** the R&R (ECF No. 36), **DENIES** Plaintiff's motion for summary judgment (ECF No. 32), and **GRANTS** Defendant's cross-motion for summary judgment (ECF No. 33). *See* 28 U.S.C. § 636(b)(1). Further, the Clerk of the Court is directed to **SUBSTITUTE** Nancy A. Berryhill in place of Defendant Carolyn W. Colvin. The Clerk of the Court shall then enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:** May 31, 2017

Hon. Cynthia Bashant
United States District Judge